<hr />

VANSCIVER *vs.* BRYAN and others.

A judgment without the issuing of an execution operates as a lien from the time of its entry on the lands of the defendant, and a subsequent conveyance or mortgage executed by the defendant will not defeat such lien.

Evidence relative to matters not stated in the pleading, nor fairly within its general allegations, is impertiment, and cannot be made the foundation of a decree.

<hr />

*Merritt*, for Asay, defendant.

*Ten Eyck*, for Morgan, defendant.

THE CHANCELLOR. There is no dispute in regard to the complainant's mortgage, which constitutes the first encumbrance on the mortgaged premises. The whole controversy is a question of priority between two subsequent encumbrancers, whose claims are stated in the bill. Wil-

Vansciver v. Bryan.

liam Morgan recovered a judgment against Bryan, the mortgagor, in the Burlington Pleas, on the 24th of July, 1858, upon which judgment execution was issued on the 21st of September following. The execution was not levied upon the mortgaged premises, but upon other lands of the defendant in execution. On the 29th of July, 1858, five days after the entry of the judgment, Bryan, the mortgagor, executed to Abraham H. Asay a mortgage upon two equal undivided third parts of the premises included in the complainant's mortgage. On the same day, Bryan gave to Asay a deed in fee for the remaining third part of said premises. The mortgage given to Asay was not recorded until the 9th of October, 1858. His deed was not recorded until the 30th of April, 1859, when a second mortgage between the same parties upon the undivided two thirds was also recorded.

Morgan, by his answer, insists that his judgment, being prior to the mortgage and conveyance to Asay, is entitled to priority. Asay, by his answer, admits the judgment to Morgan, but insists that he is entitled to priority.

1st. Because his mortgage was executed and recorded prior to the issue of execution upon Morgan's judgment.

2d. Because the execution was never levied upon the premises included in the conveyance and mortgage from Bryan to him.

The judgment, from the time of its entry, operates as a lien upon the lands of the defendant. *Nix. Dig.* 722, § 2. The only exception is in favor of subsequent judgment and execution creditors, who have a priority over judgments upon which no executions have been issued. The reason for this exception is clearly stated in the statute. *Nix. Dig.* 724, § 9. The fact that no execution was issued, or, being issued, that no levy was made, does not affect the lien of the judgment or its priority over subsequent deeds and mortgages.

The ground principally relied upon at the hearing in support of Asay's claim to priority over the prior judg-

ment of Morgan was, that the title to the one equal undivided third part of the premises included by the complainant's mortgage, and which were subsequently conveyed to Asay, were in fact owned by him prior to the entry of the judgment. Though the legal title was in Bryan, it is alleged that he paid one equal third of the purchase money, and that Morgan had notice of this equitable claim prior to the entry of his judgment. This fact, if properly put in issue by the pleadings and sustained by the evidence, would relieve Asay's share of the land from the encumbrance of the judgment. But the fact of the existence of this equitable title is not relied on or adverted to in Asay's answer. On the contrary, he insists that he is entitled to priority over Morgan's judgment because no execution was issued and levied upon the premises. Evidence relative to matters not stated in the pleading, nor fairly within its general allegation, is impertinent, and cannot be made the foundation of a decree. A bill to annul a bond for want of consideration will not be sustained by proof that the contract was immoral. Nor will a bill filed to set aside a sale on the ground of fraud practised by the defendant be sustained by proof of a relationship between the parties, from which fraud might be inferred where that fact is not stated in the bill. *Whaley* v. *Norton*, 1 *Vern.* 484; *Williams* v. *Llewellyn*, 2 *Younge & J.* 68.

The rule is well established, that the court cannot notice matter, however clearly proved, of which there is no allegation in the pleadings. *Gresley's Ev.* 161.

The rule should be strictly enforced wherever the matter offered in evidence is not fairly within the general allegations of the bill, and where its production will operate as a surprise upon the adverse party. If the matters stated by Asay in his answer had been contained in a bill of complaint, he clearly could not have shown his equitable title in evidence. Morgan would have been entitled to the benefit of an answer upon that part of the case. A

defendant who seeks by his answer to impeach the prior right of his codefendant can stand in no better position than if he were complainant seeking the same advantage by his bill. If, therefore, the equitable right of Asay were fully proved he could not have the benefit of it under the pleadings in the cause.

But, aside from this technical difficulty, his equitable title is not satisfactorily proved. The proof depends almost exclusively upon the testimony of Asay himself. The support it derives from the evidence of the witness on the part of Morgan is not sufficient to sustain a decree. A party who comes into court seeking relief on equitable ground against the legal rights of another should establish his equity by clear and irrefragable proof. To permit the legal priority of a judgment or mortgage to be overcome by the parol evidence of a subsequent encumbrancer, unsupported by other clear testimony, would be destructive of the security of all legal encumbrances.

The master, in taking the account and stating the order of encumbrances, must give priority to Morgan's judgment over the mortgage of Asay. The judgment is also a lien on the lands subsequently conveyed by Bryan to Asay. The levy of the execution of Morgan's judgment on the real estate of the defendant in execution is not a legal satisfaction of the judgment. The evidence shows that the land levied upon is not sufficient to satisfy the judgment. It also appears that there is a subsequent encumbrance upon the land levied on. The plaintiff in execution cannot, therefore, be required to apply first the proceeds of the sale of the land levied on in satisfaction of his judgment in aid of Asay's encumbrances upon other property subject to Morgan's judgment. Assets are never marshalled to the prejudice of subsequent encumbrancers. The premises must be sold, and the proceeds of the sale applied in satisfaction of the encumbrances, in conformity with these directions. The matter is referred to a master to take an account, and report accordingly.