BERREYESA, (UNITED STATES v.) See Cases Nos. 14,585 and 14,586.

---

## Case No. 1,351.

### In re BERRIAN et al.

[6 Ben. 297;[1] 7 West. Jur. 192; 5 Chi. Leg. News, 197.]

District Court, S. D. New York. Jan. Term, 1873.

BANKRUPTCY — PARTNERSHIP — DIVIDEND — SEPARATE ESTATE—JOINT JUDGMENT—INTEREST.

1. A debt, founded on a judgment against the two members of a firm jointly, in a suit on a partnership note, does not entitle the creditor to dividends out of the separate estate of each member of the firm, on an equal footing with the separate creditors of each member.

2. Where the separate estate of one of the partners was more than sufficient to pay the separate debts of such partner, with interest added up to the day of the adjudication, but there was not sufficient to pay the creditors of the firm: *Held*, that the separate creditors were not entitled, as against the joint creditors, to be paid interest on their debts for the period subsequent to the adjudication.

[In bankruptcy. In the matter of John M. Berrian and Cornelius A. Berrian, copartners. Application by James G. King's Sons to be paid out of the separate estates of the partners on an equal footing with the separate creditors. Denied. Also heard on application of separate creditors for payment of interest on their claims. Denied.]

A firm, composed of John M. Berrian and Cornelius A. Berrian, having been adjudged bankrupts, the firm of James G. King's Sons, as creditors, filed a proof of debt, showing a claim on a judgment for $2,532.44, entered against both debtors jointly, on a partnership note. There was a separate estate of John M. Berrian, amounting to $1,065.22, and separate debts were proved against him, amounting to $526.72. There was also a separate estate of Cornelius A. Berrian, amounting to $1,065.22, and separate debts were proved against him, amounting to $1,605.21. The amount of the claims proved against the joint estate was $49,712.10. James G. King's Sons claimed to be paid a dividend out of the separate estates of the members of the firm. The register certified the question to the court, with his opinion that they were not entitled to such dividend.

J. L. Bishop, for creditors.

F. N. Bangs, for assignee.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. James G. King's Sons are not entitled to dividends out of the separate estate of each bankrupt, on an equal footing with the separate creditors of each bankrupt.

---

The separate creditors having claimed to be paid interest subsequent to the adjudication, the case was again brought before the court on the following agreed statement of facts, with the certificate of the register that, in his opinion, the separate creditors were not entitled to such interest.

"Claims against the separate estate of the bankrupt John M. Berrian, including computation of interest up to the date of the adjudication only, have been proved.

"At the meeting of creditors held November 12th, 1872, it appears, by the assignee's account, that he has collected sufficient money to pay all the debts proved against the separate estate of John M. Berrian, after payment of costs, fees and expenses, and leave a surplus.

"Joint creditors of the bankrupts have proved claims against the joint estate of the bankrupts to the amount of $49,712.10, and upwards, which the surplus arising from John M. Berrian's separate estate is not sufficient to pay.

"The separate creditors of John M. Berrian claim that, before the surplus of his separate estate is applied to the payment of joint debts, the interest on the separate debts of John M. Berrian shall be computed from the day of adjudication, and the surplus applied to the payment of such interest.

"The assignee claims that the surplus is to be applied to the payment of joint debts, and not to the payment of interest which has accrued since the adjudication, on the separate debts of John M. Berrian."

BLATCHFORD, District Judge. The 36th section of the bankruptcy act, [March 2, 1867; 14 Stat. 535,] in saying that the net proceeds of the separate estate of each partner shall be appropriated to pay his separate creditors, and that, if there shall be any balance of the separate estate of any partner, after the payment of his separate debts, such balance shall be added to the joint stock, for the payment of the joint creditors, follows the language of the Massachusetts insolvent law, under which (Gen. St. Mass. 1838, c. 163, § 21) it was held, in Thomas v. Minot, 10 Gray, 263, that, where a partnership and its members are in insolvency under one commission, or one adjudication in the same proceeding, and the separate estate of one partner is more than enough to pay his separate debts, at the amounts proved, as they stood at the time of liquidation recognized by the statute (which, in that case, was the day of the first publication of notice), without computing interest thereon after that time, the surplus of such separate estate, over such debts, is

to be added to the partnership estate, and applied to the payment of joint debts, before paying such interest on the separate debts. The rule laid down in that case was established in 1857, and ought to be followed, under the like provision in the bankruptcy act, as being substantially a construction of the provision, which accompanied its enactment.