JOSEPH HOWELL and others, assignees, &c.

v.

EDMUND TEEL and others.

A. and B, partners, gave a joint and several bond and warrant of attorney to T., for a partnership debt. Judgment was entered and execution issued on February 7th, 1876. On February 20th, A. and B. made an insolvent assignment, B. being also individually insolvent. The judgment being only partly satisfied, and A. having made an assignment.—*Held,* that T. may, under A.'s assignment, share equally the personal effects of A., and is not to be subordinated to his individual creditors.

Bill for relief. Motion to dissolve injunction on bill and answer.

*Mr. J. F. Dumont,* for the motion.

*Mr. J. G. Shipman, contra.*

THE CHANCELLOR.

The complainants, assignees under an assignment made to them by James M. Andrews under the act " to secure to

NOTE.—In equity, a partnership debt is several as well as joint. *Story on Partn.,* ? 362 ; *Collyer on Partn.,* ? 580; *Wisham* v. *Lippincott,* 1 *Stock.* 353; *Wilkinson* v. *Henderson,* 1 *Myl. & K.* 582; *Emanuel* v. *Bird,* 19 *Ala.* 596 ; *Devaynes* v. *Noble,* 1 *Meriv.* 529, 2 *Russ. & Myl.* 494 ; *Mason* v. *Tiffany,* 45 *Ill.* 392 ; *Camp* v. *Grant,* 21 *Conn.* 41 ; see *Currey* v. *Warrington,* 5 *Harring.* (*Del.*) 147.

In some of the states such debts are made several by statute. *Collyer on Partn.,* ?? 580, 757 ; *Miller* v. *Northern Bank,* 34 *Miss.* 412; *Reed* v. *Girty,* 6 *Bosw.* (*N. Y.*) 567.

The New Jersey statute (Obligations, *Rev.* p. 741,) providing that upon service of process on one of several joint debtors " on any joint contract, obligation, matter or thing," and a return of the others *non inventi,* judgment may be entered against all, includes a partnership simple contract debtor. *McMurtrie ads. Doughten,* 4 *Zab.* 252 ; *Harker* v. *Brink,* 4 *Zab.* 333 ; *Thompson* v. *Johnson,* 11 *Vr.* ——.

And the same construction has been given to similar statutes in other states. *Lewis* v. *Williams,* 6 *Whart.* (*Pa.*) 264 ; *Leggett* v. *Boyd,* 6 *Wend.* (*N. Y.*) 500 ; *Brown* v. *Birdsall,* 29 *Barb.* (*N. Y.*) 549 ; *Doggett* v. *Jordan,* 3 *Fla.* 215 ; *Loney* v. *Bailey,* 43 *Md.* 10 ; see, also, *Barton* v. *Petit,* 7 *Cranch* 194, criticised in *Early* v. *Clarkson,* 7 *Leigh* (*Va.*) 83, 85.   CON-

creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors," by their bill seek to restrain the defendant Teel from executing upon the real property which passed to them by the assignment, a judgment recovered by him against their assignor and John C. Bennett, in the circuit court of Warren county, previously to the assignment.

Andrews and Bennett were, when the judgment was recovered, partners in business in Phillipsburg. They were indebted to Teel, at the time of the entry of the judgment (which was by confession), to the amount of the judgment, for money lent by him to them and money paid by him for them. The judgment was entered on the 7th of February, 1876, and on the same day a writ of *fieri facias de bonis et terris* was duly issued thereon and levied on all the real estate of each of the defendants in the county of Warren. The assignment was made on the 15th of that month.

On or about the 20th of the same month, Bennett and Andrews together made an assignment to the complainant Davis, under the act above mentioned, of all their partnership property, for the benefit of the creditors of the firm. Bennett is also insolvent, individually. Under an execution

---

TRA, *Currey* v. *Warrington*, 5 *Harring.* (*Del.*) 147 ; see *Jones* v. *Ross, Law Repos.* (*N. C.*) 450, and *Kelly* v. *Muse*, 11 *Ired.* (*N. C.*) 182, 186.

There is no ground, however, for applying the distinction between the rules at law and in equity, where, by the instrument itself, the partners are expressly "jointly and severally" bound. *Bigelow's Case,* 3 *Ben.* 146 ; *Stone's Case, L. R.* (8 *Ch. Ap.*) 914 ; *Morris* v. *Morris,* 4 *Gratt.* (*Va.*) 293 ; *Rowlandson's Case,* 3 *P. Wms.* 405 ; *Snow* v. *Howard,* 35 *Barb.* (*N. Y.*) 5ʋ ; see, however, *Ganson* v. *Lathrop,* 25 *Barb.* (*N. Y.*) 455 ; *Tuttle* v. *Eskridge,* 2 *Munf.* (*Va.*) 330 ; *Snodgrass's Appeal,* 13 *Pa. St.* 471, 473.

Equity admits partnership creditors who have exhausted their remedy against the firm assets, to participate equally with separate creditors in the distribution of the separate assets, where some equitable ground of relief is shown, as the death or insolvency of the other partners. *Northern Bank* v. *Keizer* (2 *Dur. Ky.* 170), 14 *Am. Law Reg.* 75, and notes ; *Brock* v. *Bateman* (25 *Ohio St.* 609), 24 *Am. Law Reg.* 214, and notes ; *McCulloch* v. *Dashiell* (1 *Har. & Gill* 196), 1 *Am. Lead. Cas.* 463 ; *Silk & Prime,* 2 *Lead. Cas. in Eq.* (4th ed.) *111.

The whole estate must be before the court for distribution, the joint as well as the several. *Mittnight* v. *Smith,* 2 *C. E. Gr.* 259 ; *McDonald* v. *Beach,* 2 *Blackf.* (*Ind.*) 55 ; *Kirby* v. *Schoonmaker,* 3 *Barb. Ch.* 46 ; *United*

Howell v. Teel.

issued on the judgment, the real estate of the firm was sold, but only a small part of the amount of the judgment was paid by the sale.

The complainants insist that the judgment was recovered for a debt due from the firm, and that therefore Teel should be prevented from making any part thereof out of the individual property of their assignor until after the individual debts of the latter shall have been paid.

They claim the relief which they seek on the ground that, in equity, the creditors of a partnership have a preference to have their debts paid out of the partnership funds before the private creditors of either of the partners; and, on the the other hand, the separate creditors of each partner are entitled to be first paid out of the separate effects of their debtor before the partnership creditors can claim anything. They allege that Teel put in his claim under the assignment of Bennett and Andrews, as partners, and they insist that he thereby waived any lien he might have been entitled to under his judgment and execution thereon.

Teel, by his answer, admits that he did so put in his claim, but says that it was expressly (and that it was so stated in the verifying affidavit) put in as a claim on the

---

States v. Lewis, 13 Nat. B'k Reg. 33, Strong, J.; Downing's Case, 1 Dill. 33; Scudder v. Delashmut, 7 Iowa 39; Watson v. Gabby, 18 B. Mon. (Ky.) 658; see Frear's Case, 3 Ben. 467; Sage v. Chollar, 21 Barb. (N. Y.) 596.

To entitle joint creditors to come in equally with separate creditors, there must be no joint estate, however small, at the time of the insolvency of the single partner. Janson's Case, 3 Madd. 229; Peake's Case, 2 Rose 54, and note; Smith's Case, 13 Nat. B'k Reg. 500; Black's Appeal, 44 Pa. St. 503, 507; Smith v. Mallory, 24 Ala. 628; Kennedy's Case, 2 De G. M. & G. 228; Marwick's Case, 3 N. Y. Leg. Obs. 286; Collier's Case, 12 Nat. B'k Reg. 266; see Taitt's Case, 16 Ves. 194.

In some cases, even under these circumstances, equal participation has been refused. Howe v. Lawrence, 9 Cush. (Mass.) 553; Somerset Works v. Minot, 10 Cush. 592; Byrne's Case, 16 Am. Law Reg. 499; but these decisions have been questioned. Knight's Case, 2 Biss. 518, 521; Cook's Case, 3 Biss. 122, 125; Long's Case, 7 Ben. 141, 151; see Mead v. Fayetteville Bank, 6 Blatch. 180, 187.

It has been held, however, that if the joint assets are so small that they will be exhausted in paying joint costs, then the joint creditors may share equally. McEwen's Case, 6 Biss. 294; see Brock v. Bateman, 25 Ohio St. 609. CONTRA, Kennedy's Case, 2 De G. M. & G. 228.

Howell v. Teel.

judgment. He also says, in his answer, that he withdrew it on the same day on which it was put in.. By so putting in his claim he did not waive any legal advantage which his judgment secured to him upon the property which was owned by the assignors, or either of them, at the time when the judgment was entered. *Vanderveer* v. *Conover*, 1 *Harr.* 487; *Moses* v. *Thomas*, 2 *Dutch.* 124; *Bell* v. *Fleming*, 1 *Beas.* 14, 490.

The rule of equity which the complainants invoke to restrain Teel from proceeding to collect the balance due on his judgment, by sale of the separate real estate of Andrews, which passed under the assignment by the latter, cannot be applied to deprive him of the lien of his judgment on that property. His judgment was entered by virtue of a bond and warrant of attorney to confess judgment thereon. The bond, it may be remarked, was joint and several. By virtue of his judgment, he might have proceeded to collect the amount due upon it by levy upon and sale under execution of the separate property of either or both of the judgment debtors; and this court would not have restrained him from so doing, on the ground that the debt for which the bond was given was a partnership debt, and there was

Goods in the hands of a joint creditor pledged by the firm to secure his debt, are not such joint effects as prevent his coming in equally. *Hill's Case*, 5 *Bos. & Pul.* 191, note.

None of these cases, however, touches the question of the partnership creditor's right to share with the individual creditors, where he has, by judgment or otherwise, obtained *a legal lien.*

A partnership creditor may, of course, resort to the separate property of any of the members of the firm in order to satisfy his debt, and his execution will, if the firm be solvent, be prior to that of any individual creditor, although the judgment of the latter may have been first obtained. 2 *Lead. Cas. in Eq.* (4th ed.) 394; and, also, *Randolph* v. *Daly*, 1 *C. E. Gr.* 313; *Linford* v. *Linford*, 4 *Dutch.* 113; *Cummings's Appeal*, 25 *Pa. St.* 268; *Field* v. ———, 4 *Ves.* 396; *Roberts* v. *Oldham*, 63 *N. C.* 297; *Fenton* v. *Folger*, 21 *Wend.* (*N. Y.*) 676; *Kuhne* v. *Law*, 14 *Rich.* (*S. C.*) 18; see *O'Bannon* v. *Miller*, 4 *Bush* (*Ky.*) 25; *Hoskins* v. *Johnson*, 24 *Geo.* 625, 630; *Stevens* v. *Perry*, 113 *Mass.* 380.

The legal lien obtained by a partnership creditor, whether upon the partnership or separate property of a partner, will be recognized and enforced; whether such lien consist of a judgment at law (*Averill* v.

Howell *v.* Teel.

partnership property out of which he might have collected the money due thereon. *Wisham* v. *Lippincott*, 1 *Stock.* 353; *Randolph* v. *Daly*, 1 *C. E. Gr.* 313; *National Bank of the Metropolis* v. *Sprague*, 5 *C. E. Gr.* 13.

In *Wisham* v. *Lippincott*, the chancellor (Williamson) said: "I have no hesitation in saying that, where a joint creditor of a firm has judgment and execution levied upon the separate effects of one of the partners, this court ought not, in mere compliance with any such rule as that the separate creditors of each partner are entitled to be first paid out of the separate effects of the debtor before the partnership creditors can claim anything, to interfere with such execution, either on the application of any one of the partners, or any creditor of the firm, or separate creditor of any of its members."

In *National Bank, &c.* v. *Sprague*, the partners had given mortgages to secure individual debts. The chancellor (Zabriskie) held that the principle, though applicable in the administration of partnership assets to be administered here, was not applicable to liens created by the partners upon the partnership property before it came ·into this court. He said: "The partners, while the partnership property is still under their control, have the power to appropriate it to pay or secure their individual debts; as against them the mortgage is good. These claims are for debts due by them individu-

---

*Loucks*, 6 *Barb.* (*N. Y.*) 470; *White* v. *Dougherty*, *Mart. & Y.* (*Tenn.*) 308, 321; *Lewis's Case*, 8 *Nat. Bank Reg.* 546; *Cleghorn* v. *Ins. Bank*, 9 *Geo.* 319; *Baker* v. *Wimpee*, 19 *Geo.* 87; *Hoskins* v. *Johnson*, 24 *Geo.* 630; *Bowker* v. *Smith*, 48 *N. H.* 111; *Straus* v. *Kerngood*, 21 *Gratt.* (*Va.*) 584; *Kuhne* v. *Law*, 14 *Rich.* (*S. C.*) 18; *McDermott* v. *Strong*, 4 *Johns. Ch.* 687; *Hosack* v. *Rogers*, 8 *Paige* 229. Contra, *Berrian's Case*, 6 *Ben.* 297; *Sniffer* v. *Sass*, 14 *Rich.* (*S. C.*) 20, note; see *Toombs* v. *Hill*, 28 *Geo.* 371; *Bass* v. *Estill*, 50 *Miss.* 300); or a decree in equity (*Terhune* v. *Colton*, 1 *Beas.* 312, 314; *Woddrop* v. *Price*, 3 *Desauss.* (*S. C.*) 203; *Foster* v. *Barnes*, 81 *Pa. St.* 377); or, a mechanics lien (*Rainey* v. *Nance*, 54 *Ill.* 29, 35); or, an attachment (*Allen* v. *Wells*, 21 *Pick.* 450).

If a partnership creditor holds collateral or additional security, as a mortgage, he can claim no priority over an individual creditor holding a prior mortgage on the same property. *January* v. *Poyntz*, 2 *B. Mon.* (*Ky.*) 404. But the holding of such mortgage or pledge will not deprive the partnership creditor of his priority, if the individual be

Howell *v.* Teel.

ally, and I do not think that the mere preference of individual debts over partnership debts is such a fraud upon partnership debts that, after it has been done, it will be set aside by a court of equity. It certainly will not be set aside unless in case of insolvency, or when done in contemplation of insolvency, to give an improper preference." See, also, *Meech* v. *Allen,* 17 *N. Y.* 300.

In the course of administration of assets, courts of equity follow the same rules in regard to legal assets which are adopted by courts of law, and give the same priority to the different classes of creditors which is enjoyed at law, thus maintaining a practical exposition of the maxim, *Equitas sequitur legem.* . *Story's Eq. Jur.,* § 553.

In this case there is no allegation of fraud. The simple question presented is, whether a judgment recovered for a partnership debt is, in case of the insolvency of the firm and the partners, before it is collected, in equity, to lose its hold as a lien upon the separate property of. the partners; whether the vigilant creditor in such a case is to be held to have no advantage from the diligence which, but for the insolvency of the partnership, would, through the lien of his judgment, have secured him his debt out of the separate property of his debtor.

The injunction will be dissolved, with costs.

merely a simple contract creditor. *Roberts* v. *Oldham,* 63 *N. C.* 297 ; see *Lallande* v. *McRae,* 16 *La. An.* 193 ; *Hill's Case,* 5 *Bos. & Pul.* 191, note ; *Morrison* v. *Kurtz,* 15 *Ill.* 193.

For the effect of a mortgage given by an individual partner to secure a firm debt, see *Tiffany* v. *Crawford,* 1 *McCart.* 278 ; *Averill* v. *Loucks,* 6 *Barb.* (*N. Y.*) 470 ; *Barcroft* v. *Snodgrass,* 1 *Cold.* (*Tenn.*) 430.

An assignment cannot affect the lien of mortgages and judgments, since they are expressly saved by the statute. (*Rev.* p. 37, § 1, notes (*a*) and (*b*).) See, also, *Allen* v. *Wells,* 22 *Pick.* 450 ; *McDermutt* v. *Strong,* 4 *Johns. Ch.* 687.

After a partnership creditor has exhausted the firm assets, he is entitled to come in equally with separate creditors under an assignment by one of the partners. *Gadsden* v. *Carson,* 9 *Rich.* (*S. C.*) *Eq.* 252 ; see *Black's Appeal,* 44 *Pa. St.* 503 ; *Fellows* v. *Greenleaf,* 43 *N. H.* 421 ; *Pennington* v. *Bell,* 4 *Sneed* (*Tenn.*) 200.—Rep.