### JAMES M. SHAW et al.

#### v.

### CHARLES T. GLEN, assignee &c.

1. An assignee for the benefit of creditors can take no exception to the validity of a chattel mortgage given by his assignor, on the ground that it was not filed in the county where the mortgagor actually resided. He is bound by the equity to which the property was subject when it came to his hands from the assignor.

2. A description of " all the stock, fixtures, goods and chattels of every name and kind " in a designated store, is specific enough to identify the property intended to be covered.

Bill to foreclose chattel mortgage.    On final hearing on pleadings and proofs.

*Mr. M. J. De Witt* and *Mr. W. H. Reid,* of New York, for complainants.

*Mr C. T. Glen, in pro. pers.*

THE CHANCELLOR.

This suit is brought to foreclose a chattel mortgage given by John H. Marrin to the complainants, James M. Shaw & Co., of the city of New York, October 17th, 1882, to secure the payment of a debt of $375 due from him to them, and for which he then gave them his note payable on the 30th of December then next.    The mortgage was given in Newark, and was upon:

" All the stock, fixtures, goods and chattels of every name and kind then being in Marrin's china, glass and house-furnishing store, No. 661 Broad street, in that city, and also any and all other stock, goods, chattels and fixtures that might be placed in that store and building by him during the existence of the mortgage, whether placed there to replace any then being there or to add to those that were already there;"

and also the horse and wagon then owned by him and used by him in connection with the business and store.    The mortgage was acknowledged on the day of its date, before Mr. Glen, the defendant, as a master of this court, and was recorded on the 21st of October, two days afterwards, in Essex county, where

NOTE.—An assignee for the benefit of creditors cannot impeach a mortgage given by his assignor, for defect in registry, *Van Heusen* v. *Radcliff, 17 N. Y. 580 ; Lyle* v. *Palmer, 42 Mich. 314; Hawks* v. *Pritzlaff, 51 Wis. 160.* CONTRA, *Lockwood* v. *Sterin, 26 Ind. 124; Hanes* v. *Tiffany, 25 Ohio St. 549;* see *Dey* v. *Dunham, 2 Johns. Ch. 188; Erwin* v. *Shuey, 8 Ohio St. 509 ; Sixth Ward Assn.* v. *Willson, 41 Md. 506 ; Pillsbury* v. *Kingon, 6 Stew. Eq. 287, and note.*

An assignee in bankruptcy was permitted to assail such a mortgage in *Barker* v. *Smith, 12 Bank. Reg. 474; Leland's Case, 10 Blatchf. 503.* See *Field* v. *Baker, 12 Blatchf. 438.*

Shaw v. Glen.

the goods were, and where, as the complainant's agent and attorney, who took the mortgage for them, supposed (and had good reason to suppose, from the mortgagor's conversation at the time) the latter resided. The mortgage described the mortgagor as of the city of Newark, and it appears to have been read over to him before he executed it; once by the complainant's attorney, and then by Mr. Glen, his own attorney, and he knew he was described in it as residing in Newark. A few days after the mortgage was recorded in Essex county, he was informed by the complainant's attorney that it had been recorded there. He seems not to have said a word to correct the false impression as to his residence. On the 28th of December, 1882, two days before the maturity of the note, he executed an assignment to Mr. Glen for the equal benefit of his creditors, under the assignment act. The assignee at once took possession of the mortgaged property then in the mortgagor's hands. Soon after that, the complainant's attorney discovered that it was claimed that the mortgagor resided, not in Newark, but in Elizabeth, when the mortgage was given, and he then caused the mortgage to be recorded in Union county. The deed of assignment was recorded there two days afterwards. It appears that the mortgagor, who had previously resided in Elizabeth, early in September, 1882, removed to Newark, and resided there until the 17th of October following (two days before the giving of the mortgage), when he removed back to Elizabeth. The mortgage was given in good faith in all respects. The complainant's debt was an honest one, and the mortgagor meant to secure its payment by the mortgage, in consideration of the time given him to pay it. Nor was there any intention on the part of the mortgagor

An executor or administrator was allowed to object to the validity of a chattel mortgage given by the decedent, for want of or defect in its registration, in the following cases : *Killbourne* v. *Fay, 29 Ohio St. 264; Becker* v. *Anderson, 11 Neb. 493; Dorsey* v. *Smithson, 6 Harr. & Johns. 61.* CONTRA, *Griffin* v. *Wertz, 2 Bradw. 487; Sumner* v. *McKee, 89 Ill. 127; Hext* v. *Porcher, 1 Strobh. Eq. 170; Evans* v. *Pence, 78 Ind. 439.* See *Bump's Fraud. Conv. 444.*

A creditor before judgment cannot attack such a mortgage, *Stewart* v. *Beale, 7 Hun 405, 68 N. Y. 629; Jones* v. *Graham, 77 N. Y. 628; Kennedy* v. *Nat. Union Bank, 23 Hun 494; Gill* v. *Pinney, 12 Ohio St. 38;* except where the estate is insolvent, *Currie* v. *Knight, 7 Stew. Eq. 485.*—REP.

Shaw *v.* Glen.

to deceive or prejudice the complainants by anything he said on the subject of, or with reference to his residence, or in his omission to object to or remark upon the statement in the mortgage that he resided in Newark. The defendant, the assignee, insists that the mortgage is void as to him because it was not recorded in Union county, where the mortgagor resided when it was made, before the assignment to him was delivered. The act, provides (*P. L. of 1881 p. 227*) that any mortgage or conveyance intended to operate as a mortgage of goods and chattels, made after the approval of that act, which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith, unless recorded according to the directions of the act, which are, that it be recorded in the clerk's or register's office of the county where the mortgagor resides, if he resides in this state, but if he does not reside in this state, then it is to be recorded in the clerk's or register's office of the county where the property is at the time of executing the mortgage. But the mortgage was clearly valid, as against the mortgagor, when he made the assignment, notwithstanding it had not been recorded according to law. *Nat. Bank* v. *Sprague, 5 C. E. Gr. 13.* And the assignee took his title to the property, subject to the equities to which it was subject in the hands of his assignor. Such is the rule as to assignees in bankruptcy. Such an assignee is not bound by the fraudulent conveyances of his assignor (*Pillsbury* v. *Kingon, 6 Stew. Eq. 287*), but in cases unaffected by fraud, he is bound by the equities to which the property assigned was liable when it came to his hands from his assignor. *Mitford* v. *Mitford, 9 Ves. 87; Winsor* v. *McLellan, 2 Story 492; Re Gregg, 3 B. R. 131.* And this rule has been repeatedly applied in mortgage cases like the present. *Re Griffiths, 3 B. R. 179; Potter* v. *Coggeshall, 4 B. R. 19; Stewart* v. *Platt, 101 U. S. 731.* The same just rule is on every principle obviously applicable to assignees under the assignment act. The failure to record the mortgage does not render it invalid as against the defendant.

The defendant also insists that the mortgage is invalid because, as he claims, the description of the mortgaged property, except the horse and wagon and store fixtures, is too general and vague. The property has been sold by the assignee, and it is admitted that the proceeds of the sale of the horse and wagon and store fixtures, and of other property which was in the store at the time of the execution of the mortgage, and which was subject thereto, if the mortgage is valid, are quite sufficient to pay the mortgage and the costs of this suit. The description of that mortgaged property was undoubtedly sufficient. *Jones on Chat. Mort.* §§ *65, 70.* There will be a decree for the complainants for the amount due on the mortgage.