ADOLPH WIMPFHEIMER et al., respondents,*

*v.*

JOHN J. PERRINE et al., appellants.

[Decided November 15th, 1901.]

1. Under an involuntary assignment the receiver or assignee may set aside a chattel mortgage for fraud, or for the neglect of the mortgagee to have it recorded according to the requirement of the statute.

\*This opinion was omitted from its proper place.—REP.

2. By virtue of the ninth section of the Chattel Mortgage act of May 2d, 1885, the mortgagee will have priority over all creditors of the mortgagor, where the debt or obligation is incurred after the mortgage is recorded, although it is not recorded immediately.

3. Where there is a voluntary assignment by the mortgagor for the equal benefit of creditors the assignee may set aside the chattel mortgage given by the mortgagor, when it is fraudulent, to the extent that the property is needed for the payment of debts, but he cannot intervene to set it aside when it is given in good faith for value, because the mortgagee has failed to record it as the statute requires.

4. Creditors of the mortgagor who have claims in their own right before the chattel mortgage is recorded, or who acquire by assignment claims which accrued before the mortgage is recorded, will be entitled to priority over the mortgagee, and may on recovery of judgment assert their rights, notwithstanding a voluntary assignment by the mortgagor for the equal benefit of creditors.

---

On appeal from a decree advised by Vice-Chancellor Emery, whose opinion is reported in *61 N. J. Eq. (16 Dick.) 126.*

*Mr. Edward M. Colie,* for the appellants.

*Messrs. Coult & Howell,* for the respondents.

The opinion of the court was delivered by

VAN SYCKEL, J.

The complainants, at the time of filing their supplemental bill, held four judgments against John J. Perrine.

The first, recovered March 25th, 1898, upon a promissory note given to them by said Perrine June 23d, 1897, for money loaned.

The second, recovered April 16th, 1898, by Albert Courter upon a debt due Courter before the recording of the chattel mortgages hereafter mentioned, which judgment was assigned to the complainants April 26th, 1898.

The third, recovered April 19th, 1898, upon a debt due from Perrine to complainants for $1,259.35, the balance being upon notes originally given by Perrine to Martin Bates & Company before the recording of said mortgages and by them assigned

to the complainants after they were due and after the assignment by Perrine to Stagg, hereafter mentioned.

The fourth judgment was obtained May 3d, 1898, upon an obligation incurred by Perrine to complainants before the mortgages were recorded.

Perrine made three chattel mortgages to Stuart and Charles A. Lindsley, defendants and appellants: the first, dated October 17th, 1896, for $3,000; the second, dated February 10th, 1898, for $1,200; the third, dated February 14th, 1898, for $8,500. All three of these mortgages were recorded March 25th, 1898.

On the 25th of March, 1898, Perrine made a deed of assignment under the statute for the benefit of his creditors to George R. Stagg, one of the defendants and an appellant in this case.

The complainants filed their original bill March 31st, 1898, based on the judgment of March 25th, 1898, to set aside the aforesaid chattel mortgages as void as against said judgment. A supplemental bill was filed after the recovery of the other three judgments aforesaid.

Two questions are presented by this appeal—*first,* whether the complainants, as judgment creditors, have the right to set aside· the chattel mortgages and appropriate the proceeds of the mortgaged chattels to their judgments to the exclusion of the assignee, Stagg; *second,* if they have such right, whether it extends to so much of their judgments as was for claims assigned to them after the chattel mortgages were recorded.

The first question will be solved by deciding whether Stagg, the assignee under the voluntary assignment, can successfully attack the chattel mortgages, which are admitted to be *bona fide* for value, because they were not recorded according to the requirement of the statute.

It must be regarded as the settled law of this court that the right to set aside such mortgages for fraud rests in the assignee under a voluntary assignment to the extent that such property is needed for the payment of debts. *Pillsbury* v. *Kingon, 33 N. J. Eq. (6 Stew.) 287.*

But in such case of fraud the title to the chattels mortgaged does not pass out of the assignor; the holder of the mortgage gets no legal title or equitable title to them. He retains the property

as against the assignor, because the assignor cannot set up his own fraud to regain it; but in equity the assignee will be permitted to set aside the fraudulent transaction for the purpose of applying the property to the payment of the creditors of the fraud-doer, the equity court recognizing an equitable title in the assignee for an equitable purpose in contravention of the fraud.

Where the title to the property, as in this case, has passed *bona fide* out of the assignor to the mortgagees, he can convey to the assignee no legal or equitable title to the property; the assignee can acquire under the voluntary assignment no better title than the assignor has.

That was the view taken in *Shaw* v. *Glen, 37 N. J. Eq. (10 Stew.) 32,* by Chancellor Runyon, and it is entirely consistent with *Pillsbury* v. *Kingon.*

In *Graham Button Co.* v. *Spielmann, 50 N. J. Eq. (5 Dick.) 120,* Vice-Chancellor Van Fleet held that the receiver of an insolvent corporation is the representative of its creditors, and as such may, by suit or defence, avoid any instrument which is void as against them. This case was affirmed in this court, and we see no reason to question the correctness of that decision.

In an involuntary proceeding, as in case of a receivership, or assignee appointed by the court, the proceeding is adverse to the debtor. The law takes the property in the position in which it is with reference to the rights of creditors and appropriates it exclusively and irrevocably to the payment of debts. Anyone claiming a superior right must show his title *stricti juris.*

The receiver is the embodiment of creditors; he stands as and for them; when he challenges the validity of the mortgage, he does so in the character of creditor, having in virtue of his receivership debts fastened upon the mortgagor's property. It is then a question strictly between creditors and the mortgagee, and the statute, declaring the mortgage void as to creditors for want of recording, applies as fully as if it was a suit between a single judgment creditor and the mortgagee.

In voluntary assignments the assignee does not in the same sense represent creditors; he stands in the place of his assignor, with all the property which his assignor can pass to him, with a duty to divide it between creditors who may elect to come in.

When he challenges the validity of a mortgage, he must do so as the representative of the assignor.

Where the previous liens are honest, although by force of the statute they may be avoided by subsequent judgment creditors, "such assignee takes the estate assigned in the same plight and condition in which his assignor held it." There is nothing in the procedure of a voluntary assignment which elevates the assignee to a higher plane than the assignor himself occupied.

The single exception is where the transaction sought to be set aside is tainted with fraud, in which case, as before stated, equity requires it to be avoided on behalf of creditors.

Under the interpretation given by this court in *Roe* v. *Meding, 53 N. J. Eq. (8 Dick.) 350,* to the fourth and ninth sections of the Chattel Mortgage act of May 2d, 1885, the lien of the mortgage is preserved as against all persons who become creditors of the mortgagor after the mortgage is actually recorded, although it is not recorded immediately. If therefore the assignee, under a voluntary assignment, is permitted to take the property from the mortgagee, he must take it for the equal benefit of all creditors whether their claims arose before or after the mortgage was recorded, thus enabling the assignee to do what the latter class of creditors could not do if they proceeded in their own behalf. Notwithstanding the voluntary assignment, creditors of the assignor may proceed in their own behalf and, if creditors before the recording of the mortgage, may establish a paramount claim to the mortgaged property.

*Currie* v. *Knight, 34 N. J. Eq. (7 Stew.) 485,* was the case of an insolvent estate. In such case the individual creditor may sue, but judgment recovered has no effect except to fix the amount of the debt; no execution can be issued upon it.

The complainants in this case were creditors of the mortgagor before the mortgages were actually recorded, and under their judgments, by force of the statute, have a lien paramount to the title of the mortgagees and not subject to be displaced by the intervention of Stagg, the assignee of the mortgagor.

As to the second question, whether the protection of the statute extends to all of the claims of the complainants, I also agree

to the conclusion reached by Vice-Chancellor Emery, in his able and elaborate opinion in this case.

The decree below should be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, VAN SYCKEL, GARRISON, GUMMERE, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM—13.

*For reversal*—None.