Complainant's suit for relief is based on the following statements in its bill of complaint:
June 24th, 1933, the defendant, Augusta Wichner, recovered a judgment in our supreme court against Thomas E. Halpin and caused his arrest on a capias issued thereon. Thereafter Halpin filed a petition in the Hudson common pleas under the act for the relief of persons imprisoned on civil process and an assignee was appointed, to whom Halpin assigned all his real and personal property, and by subsequent *Page 158 
order of said court Halpin was discharged from confinement on account of any debts by him previously contracted. The defendant was listed among Halpin's creditors and appeared in said proceedings. January 30th, 1935, Halpin's assignee conveyed certain lands known as lots 27 to 31 (included in the debtor's assigned assets) to Sarah Halpin, who on February 15th, 1935, mortgaged lots 29 to 31 to complainant, which mortgage was subsequently foreclosed and the mortgaged premises conveyed to complainant by the sheriff. April 14th, 1936, complainant recovered a judgment against Sarah Halpin and Thomas E. Halpin and under execution issued thereon, lots 27 and 28 were conveyed to complainant — thus complainant claims to own lots 27 to 31. The defendant "recently" issued alias execution (presumably on her judgment against Thomas E. Halpin), levied on lots 29 to 31, and has caused those lots to be advertised for sale.
Complainant claims that by reason of the insolvency proceedings and the assignee's conveyance, the lien of defendant's judgment on lots 27 to 31 was lost and that defendant's attempt to sell lots 29 to 31 under her execution endangers complainant's title and creates a cloud thereon. Complainant's prayer is for a decree that defendant has no lien on any of the five lots, and that defendant be restrained from asserting a lien thereon and be decreed to release said lots from the purported lien of her judgment. Defendant moves to strike out the bill on the ground that it discloses no cause of action, and on other grounds which may be condensed into the single ground that the bill shows defendant's judgment to be a lien on the five lots prior to the title acquired by complainant.
The statute involved in this motion is known as the Insolvent Debtor's act and is found in 2 Comp. Stat. 1910 pp. 2824 etseq. The design of the act is solely to abolish imprisonment on civil process where a debtor is willing to deliver up to his creditors all his estate toward the payment of his debts.Steelman v. Mattix, 36 N.J. Law 344; Meliski v. Sloan,47 N.J. Law 82; Maroney v. La Barre, 77 N.J. Law 556. The discharge to be granted the debtor is not from his debts, but only from imprisonment because of debts. Sections 11 and 28. Such discharge absolves the debtor's person from all debts *Page 159 
existing at the time he makes assignment (State v. Ward,8 N.J. Law 120; Lloyd v. Ford, 12 N.J. Law 151; David v.Blundell, 40 N.J. Law 372), but it does not release him from his debts. Steelman v. Mattix, supra; Maroney v. La Barre,supra; Bannister v. Miller, 54 N.J. Eq. 121; affirmed, 54 N.J. Eq. 701.
The strongest inference to be drawn from the statement in the bill that defendant appeared in the insolvency proceedings, is that the defendant filed a claim therein on her judgment, but a creditor holding a lien against the assigned estate of an insolvent debtor does not lose his lien by filing a claim thereon with the assignee. Moses v. Thomas,26 N.J. Law 124; Van Waggoner v. Moses, 26 N.J. Law 570; Bell v.Fleming's Ex'rs, 12 N.J. Eq. 13; Id., 12 N.J. Eq. 490.
Section 18 of the statute provides that the debtor's assignee shall be vested with as ample title to all lands assigned as the debtor himself had, which means that by his assignment a debtor can vest in his assignee no better title than the debtor holds. In the instant case, prior to the date Halpin made his assignment, the defendant had recovered her judgment against Halpin, and that judgment became and remained a lien on Halpin's land from the date of its entry (3 Comp. Stat. 1910 p. 2956 § 2;Reeves v. Johnson, 12 N.J. Law 29; Stebbins v. Walker,14 N.J. Law 90; Vansciver v. Bryan, 13 N.J. Eq. 434), and no subsequent conveyance or encumbrance by Halpin could affect such lien. A bona fide purchaser from him would take title subject to the judgment because the record of its entry was notice to all the world. But Halpin's assignee did not stand in as good a position as a purchaser for value. Van Waggoner v. Moses,supra. Neither the assignee nor Halpin's creditors parted with any consideration for the assignment or lost any right by reason thereof (except defendant, who lost the right to hold Halpin in jail). The assignee was merely a trustee for the benefit of Halpin's creditors, and the creditors occupied a position similar to mortgagees under a mortgage given to secure prior indebtedness.
It has been held that an assignment made by an insolvent debtor passes the right of an insolvent in the same plight and condition that he possessed them, and that one who took title *Page 160 
by virtue of a conveyance from the assignee of such debtor, took subject to an equitable lien for purchase-money in favor of a former grantor of the conveyed land, although the purchaser from the assignee had no notice of the lien. Vandoren v. Todd,3 N.J. Eq. 397. It has also been held that a judgment creditor of a mortgagor who had become insolvent and had taken the benefit of the insolvent laws was entitled to surplus money arising on foreclosure proceedings, in preference to the assignee of the insolvent mortgagor (Clark v. Smith, 1 N.J. Eq. 121), and cases arising under the act concerning general assignment for the benefit of creditors (1 Comp. Stat. 1910 p. 114) hold that the assignee's title is subject to all valid liens against the assigned estate existing at the date of the assignment. Bell v.Fleming's Ex'rs, supra; Potts v. New Jersey Arms, c., Co.,17 N.J. Eq. 516; Howell v. Teel, 29 N.J. Eq. 490; Shaw v. Glen,37 N.J. Eq. 32; Martin v. Bowen, 51 N.J. Eq. 452; Wimpfheimer
v. Perrine, 67 N.J. Eq. 597; Van Waggoner v. Moses, supra.
I think there can be no doubt but that the title to lots 27 to 31 which Halpin transferred to his assignee and the title the assignee conveyed to Sarah Halpin, was subject to the lien of defendant's judgment, and that such lien attached to and followed lots 29 to 31 in the hands of complainant who acquired title through Sarah Halpin's mortgage covering those lots and the foreclosure thereunder, and that complainant is not entitled to the relief it seeks against defendant's judgment and execution levied on those lots. Defendant's motion should prevail against the bill of complaint so far as the bill asserts a claim against lots 29 to 31 superior to that of defendant's judgment.
The situation as to lots 27 and 28 is different. Although Sarah Halpin held title to those lots subject to defendant's judgment, the bill alleges the subsequent recovery of complainant's judgment against her, execution issued thereon, and sale to complainant thereunder. The priority by virtue of earlier entry of defendant's judgment over complainant's judgment could be lost by failure of defendant to issue execution on her judgment, or, if issuing execution, failing to make levy on lots 27 and 28 before the issuance and levy *Page 161 
thereunder of execution on complainant's judgment. 4 Comp. Stat.1910 p. 4676 § 9; Clement v. Kaighn, 15 N.J. Eq. 47;Lippincott v. Smith, 69 N.J. Eq. 787. The allegations of the bill indicate that complainant's execution was issued prior to that of defendant's; that defendant never made levy on lots 27 and 28 and that complainant, under its execution sale, purchased all interest Sarah Halpin had in those lots. For the purpose of this motion those allegations must be taken as true, and thus complainant's title to lots 27 and 28 would appear to be free from the lien of defendant's earlier judgment, and the bill of complaint should not be stricken so far as it relates to those lots and to the relief sought in connection therewith.