# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01487-COA

**KENNETH R. BORRIES AND FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PASCAGOULA-MOSS POINT**                                 APPELLANTS

**v.**

**GOSHEN MORTGAGE, LLC, AS ASSIGNEE MNH SUB 1 LLC, ASSIGNEE OF CITIMORTGAGE INC., ASSIGNEE OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND NOMINEE OF FIRST CHOICE FUNDING, INC.**                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/09/2015 |
| TRIAL JUDGE: | HON. JAYE A. BRADLEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | MATTHEW WARD MCDADE |
| | DAVID ELIAS KIHYET |
| | DONALD ALAN WINDHAM |
| | MATTHEW EARL PERKINS |
| ATTORNEY FOR APPELLEE: | GENE D. BERRY |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED TO APPELLEE |
| DISPOSITION: | AFFIRMED - 05/16/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     This appeal stems from a complaint filed in the Chancery Court of Jackson County where Goshen Mortgage LLC (Goshen) requested a declaratory judgment that it held the first-priority deed of trust on an approximately 8.9-acre tract of real property. Goshen moved

for summary judgment alleging that a deed of trust filed on behalf of Defendant Kenneth Borries did not provide notice to any party under Mississippi Code Annotated section 89-5-37 (Rev. 2011) because it did not identify a beneficiary; thus, Goshen's deed of trust had first priority over Borries's deed of trust. The chancery court agreed, and granted summary judgment in favor of Goshen. Defendants appealed. Finding no error, we affirm.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶2. In June 2005, Michael and Mary Ann Rogers purchased a residence and 8.9 acres of land located on Ramsay Road in Vancleave, Mississippi. They executed a deed of trust for $174,600 in favor of Coastal Mortgage Group Inc. (Coastal).[1] On August 1, 2005, the Rogerses executed a $20,000 deed of trust on 2.17 acres, which included the residence, and was within the 8.9-acre tract purchased by the Rogerses. No beneficiary was named on this deed of trust (Blank Beneficiary Deed of Trust). In October 2005, the Rogerses executed a deed of trust in the amount of $26,5000 in favor of the United States Small Business Administration (SBA). In March 2007, the Rogerses refinanced their loans, and at the closing on March 21, 2007, executed a deed of trust on the 8.9 acres for $243,695 to First Choice Funding Inc. (First Choice), Goshen's predecessor-in-interest. It was filed on April 30, 2007. As a result of the refinance, the Rogerses' Coastal and SBA loans were paid off.

¶3. On April 9, 2008, the Blank Beneficiary Deed of Trust was corrected to name Borries as the beneficiary, and it was re-recorded in the land records. The deed of trust was recorded again in May 2008. Borries then foreclosed on the deed of trust, and the Rogerses abandoned

---

[1] The title history on the prior property owners is undisputed.

the property sometime in 2008.[2] On July 17, 2008, a trustee's deed was recorded, conveying the 2.17-acre tract to Borries after he bid $25,272.18 for it. In February 2010, Borries executed a deed of trust on the 2.17-acre tract in the amount of $194,000 to First Federal Savings and Loan Association of Pascagoula-Moss Point (First Federal).

¶4. In May 2014, Goshen filed suit in the Jackson County Chancery Court seeking a declaratory judgment that, among other matters, Goshen had the first-priority deed of trust on the 8.9-acre tract. On April 7, 2015, Goshen moved for summary judgment against Borries and First Federal, arguing that the Blank Beneficiary Deed of Trust was defective and void; thus, it could not provide record notice under section 89-5-37. Additionally, Goshen argued that because this deed of trust was corrected one year later to name Borries as beneficiary *after* the First Choice deed of trust was recorded, Goshen's deed of trust had first priority over the corrected Borries deed of trust. Attached to Goshen's motion was an affidavit by Jacques B. Favret, who was retained by First Choice to close the refinancing and pay off any liens on the property. Favret ordered a title search of the property, which revealed Coastal's first-priority deed of trust and the SBA's second-priority deed of trust; however, no other deed of trust executed by the Rogerses was found.[3]

¶5. In July 2015, following a hearing, the chancery court issued an order granting

---

[2] In 2007 or early 2008, after the Rogerses secured the March 21, 2007 loan from First Choice, they obtained a divorce. Subsequently, they separately filed for bankruptcy protection. The chancery court entered default judgments against the Rogerses, who never answered the complaint.

[3] A copy of the title report prepared by Atlanta Title Abstractors was attached as an exhibit to the affidavit.

Goshen's motion for summary judgment. The court found that under Mississippi statutes, Goshen held the first-priority deed of trust on the subject property. Borries and First Federal filed a motion for reconsideration, which was denied. They appealed, raising three issues: (1) whether Goshen had the priority interest ahead of Borries without showing it had either record or actual notice of a prior encumbrance; (2) whether Goshen bears the burden of proving lack of actual notice at the summary-judgment stage of a declaratory-judgment action; and (3) whether the chancery court erred in granting summary judgment without Goshen's offering evidence of actual notice of a prior encumbrance. As these issues are intertwined, we shall discuss them together.

## STANDARD OF REVIEW

¶6.     The appellate court applies a de novo standard of review when analyzing a trial court's grant or denial of a motion for summary judgment. *Kihullen v. Kan. City S. Ry.*, 8 So. 3d 168, 174 (¶14) (Miss. 2009). The evidence will be viewed in the light most favorable to the nonmoving party. *Id.* Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M.R.C.P. 56(c). The moving party has the burden of proving there is no genuine issue of material fact. *Buckel v. Chaney*, 47 So. 3d 148, 153 (¶10) (Miss. 2010) (citation omitted). Once shown, "the burden of rebuttal falls upon the non-moving party" to produce specific facts showing there is a genuine issue of material fact for trial. *Wilbourn v. Stennett*, 687 So. 2d 1205, 1213 (Miss. 1996) (citing M.R.C.P. 56(e)).

4

**ANALYSIS**

¶7.    In Mississippi, the priority of real-property instruments is governed by Mississippi Code Annotated section 89-5-5 (Rev. 2011):

> Every conveyance, covenant, agreement, bond, mortgage, and deed of trust shall take effect, as to all creditors and subsequent purchasers . . . without notice, only from the time when delivered to the clerk to be recorded; and no . . . deed of trust which is unrecorded or has not been filed for record, shall take precedence over any similar instrument affecting the same property which may be of record . . . to the end that . . . the priority thereof shall be governed by the priority in time of the filing of the several instruments, in the absence of actual notice.

In other words, if there is no actual notice of prior encumbrances, the priority of instruments is based on a first-to-file rule.[4]  Section 89-5-37, however, provides that the chancery clerk and deputies are not to record any mortgage or deed of trust in which the beneficiary is not disclosed.  If an instrument without a beneficiary is recorded, it "shall not impart notice to anyone."  Miss. Code Ann. § 89-5-37 (Rev. 2011).

¶8.    The trial court ruled that sections 89-5-5 and 89-5-37 govern, and because the beneficiary on the deed of trust at issue was not named, notice was not imparted to anyone. Therefore, the court found that Goshen, as assignee of First Choice, held the prior recorded deed of trust for $243,695, which was recorded on April 30, 2007.  While Borries corrected the $20,000 Blank Beneficiary Deed of Trust nearly one year later, on April 9, 2008, naming himself as beneficiary, that deed of trust was subordinate to the First Choice deed of trust

---

[4] "Under Mississippi law, a prior deed, whether recorded or unrecorded, is good against a subsequent purchaser or creditor with actual notice of it."  *Metro. Nat'l Bank v. United States*, 901 F.2d 1297, 1303 (5th Cir. 1990) (citing *Dixon & Sharkey v. Lacoste*, 9 Miss. 70, 107 (1843)).

5

under the first-to-file rule of section 89-5-5.

¶9.     The Appellants do not challenge the trial court's finding that there was no record notice of the defective deed of trust under section 89-5-37, but instead argue that summary judgment was improper because fact issues remain on actual notice, the exception to first-to-file priority under section 89-5-5. They note that the trial court made no finding regarding actual notice. The Appellants also argue that Goshen had the burden of proof to show no actual notice, and the evidence Goshen offered was insufficient. They contend that the Favret affidavit attached in support of Goshen's motion for summary judgment merely addressed record notice and not actual notice, and Favret had no personal knowledge of either.[5]

¶10.    According to section 89-5-37, because the Blank Beneficiary Deed of Trust did not name a beneficiary, it could "not impart notice to anyone." Since the statute does not limit its effect to constructive notice, the statute might be interpreted to mean any type of notice. The Mississippi Supreme Court has not yet considered whether improper filing of a deed of trust without a beneficiary could give actual notice of its content to someone who actually sees the document in court files. In *Life Insurance Co. of Virginia v. Page*, 178 Miss. 287, 301, 172 So. 873, 876 (1937), the Mississippi Supreme Court, citing the predecessor statute to section 89-5-37, found that the "attempted designation of a beneficiary" in the deed of

---

[5] Borries made no motion to strike the affidavit because of lack of personal knowledge. Therefore, he has waived that argument. However, the trial court, and this Court, on de novo review, have the obligation to "determine whether a party has carried its summary-judgment burden based upon the evidence presented." *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 90-91 (¶20) (Miss. 2013) (citations omitted).

trust was not sufficient "to constitute constructive notice of its contents." The court then noted that "the appellant had no actual notice of the deed of trust" and concluded that the deed of trust was subordinate to a subsequent lien. *Id.* The court did not indicate whether viewing the document in the public records might have provided actual notice to the subsequent lienholder. However, in a similar context, the supreme court has held that an improper recording of a deed of trust prevented only constructive, not actual, notice of its terms.

¶11.    In *Bass v. Estill*, 50 Miss. 300 (1874), the Mississippi Supreme Court considered the effect of a deed of trust improperly filed of record as it lacked proper acknowledgment.[6] There, a judgment was entered in Bolivar County Circuit Court against John Estill, who was found to owe a debt to the Basses. On the same day, Estill executed and filed a deed of trust in the Chancery Court of Bolivar County for the benefit of a company. *Id.* at 302. One of the Basses was physically present during the filing of the deed of trust, and was aware of its nature and purposes, proving actual notice. The supreme court stated there was actual notice of the deed of trust, and that the judgment lien was subordinate. *Id.* at 306.

¶12.    Similarly, in *Metropolitan Bank*, the United States Court of Appeals for the Fifth Circuit, applying Mississippi law,[7] held that a deed of trust with a defective acknowledgment

---

[6] Chapter 36, article 25 of the Code of 1857 provided that "any deed or conveyance which is admitted to record, without acknowledgment or proof as aforesaid, shall not be regarded as furnishing notice to subsequent purchasers for a valuable consideration." 1857, Miss. Laws 311.

[7] *Metropolitan Bank* relied on section 89-3-1 of the Mississippi Code (1972), which until its revision in 2011 included the same language as the 1857 statute previously quoted.

was ineligible for recordation, and when recorded, did not impart constructive notice to creditors in the absence of actual notice. *Metro Nat'l Bank*, 901 F.2d at 1302. Thus, it appears that the prohibition against notice by an improperly recorded deed of trust applies to constructive notice only and would not prevent actual notice.[8]

¶13. Here, the Appellants argue that Goshen's motion for summary judgment was insufficient to disprove actual notice. Goshen, on the other hand, argues that Borries's deed of trust is "void." In support, Goshen begins its argument with a discussion of mortgages, not deeds of trust, stating: "An instrument cannot operate as a mortgage unless there exist, as parties thereto, both a mortgagor and a mortgagee." 54A Am. Jur. 2d *Mortgages* § 19 (2009) (citing *Collins v. Collins*, 51 Miss. 311, 320 (1875) ("The essentials of a conveyance of land are, a thing to be granted, a person to whom, and the sealing and delivery of the deed.")); Restatement (Third) of Property, *Description of the Mortgage Obligation* § 1.5 (1996) ("As against subsequent grantees, a mortgage must identify the mortgagee with reasonable certainty.").

¶14. Goshen also cites to numerous cases that say a deed without a grantee is void. *See Morgan v. Collins School House*, 160 Miss. 321, 327-28, 133 So. 675, 676-77 (1931); *Reed v. Reed*, 98 Miss. 350, 354, 53 So. 691, 692 (1910) (citing *Allen v. Withrow*, 110 U.S. 120,

---

[8] "Actual notice" has been defined as "such notice as is positively proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry." *Metro Nat'l Bank*, 901 F.2d at 1303 (citing Black's Law Dictionary (5th ed. 1979)). "Constructive notice" is a substitute for actual notice, and has been defined as "implied or imputed by law, usually on the basis that the information is part of a public record or file . . . as contrasted with actual notice of such thing." Black's Law Dictionary (6th ed. 1990).

128 (1884)); *see also Parsons v. Marshall*, 243 Miss. 719, 727-28, 139 So. 833, 837 (1962). We cannot accept this argument, however, as the case before us involves a three-party instrument, the deed of trust, rather than a two-party instrument such as deed of conveyance or mortgage. "A deed of trust is a three-party arrangement in which the borrower conveys title to an interest in real property to a third party to hold for the benefit of the lender until repayment of the loan. . . . [T]here are three parties to a deed of trust: (1) the trustor, who owns the property; (2) the trustee, to whom the property is conveyed as security for the obligation of the trustor; and (3) the beneficiary, to whom the trustor owes the obligation." 54A Am. Jur. 2d *Mortgages* § 19 (2009) (citations omitted).[9]

¶15. Here, uncorrected, the deed of trust may well have been valid between the grantor/trustor, the Rogerses, who borrowed funds, and the grantee/trustee, Kihyet, to whom the property was conveyed as security for the loan, even though the beneficiary was not named.[10] *Page* tells us as much – that court did not find the deed of trust void but merely subordinate to the subsequent lien. Section 89-5-37 does not declare a deed of trust without a named beneficiary void but incapable of providing notice.[11] Further, as the deed of trust

---

[9] In contrast, a mortgage is merely an encumbrance created to pay a debt and not a conveyance in trust. "The primary differences between a mortgage and a deed of trust are that there are two parties to a mortgage, the mortgagor and the mortgagee, while deeds of trust are three party instruments . . . ." 59 C.J.S. *Mortgage Distinguished* § 17 (2009).

[10] While Borries was not named, the amount of the debt was included on the face of the deed of trust along with information that the note was dated the same date and outlining the payment schedule.

[11] Section 89-5-3 of the Mississippi Code Annotated (Supp. 2016) provides that an unrecorded deed of trust is "void as to all creditors and subsequent purchasers . . . without notice, unless they be acknowledged or proved. . . . [b]ut as between the parties and their

identifies the note, date thereof, and payment schedule, the beneficiary could with simple review have been reasonably certain. Accordingly, we cannot agree with Goshen's contention that the Blank Beneficiary Deed of Trust was void. Therefore, we look to see whether there was sufficient evidence to disclaim actual notice on the part of Goshen in its motion for summary judgment.

¶16. Favret swore, based on "personal knowledge," that the lender First Choice had no knowledge of any other deed of trust aside from the two mortgages discovered during the title search and paid off at the refinance closing – the Coastal and SBA deeds of trust for $182,335.80 and $24,743.15, respectively. Favret, as managing member of Title Plus LLC, the settlement agent for First Choice, and in turn a representative of Goshen, was sufficiently involved with the transactions to have personal knowledge of them. It was his responsibility to obtain a title report and to pay off all liens encumbering the property. Attached to the affidavit was a detailed report of the title search, ordered by Favret, which revealed only the Coastal and SBA deeds of trust, but not the Blank Beneficiary Deed of Trust. We find Favret's affidavit sufficient evidence of lack of actual knowledge of the lender's agents, to shift the burden. "Once the absence of genuine issues has been shown, the burden of rebuttal falls upon the non-moving party . . . [to] produce specific facts showing that there is a genuine material issue for trial." *Wilbourn*, 687 So. 2d at 1213. The Appellants did not offer any evidence to contradict the affidavit.

¶17. The trial court did not err in finding Goshen held priority interest over Borries's deed

heirs, and as to all subsequent purchasers with notice," the instrument is "valid and binding."

of trust. Summary judgment was proper as there was no genuine issue of material fact that

Goshen had actual knowledge of the defective deed of trust or Borries's lien. Accordingly,

we affirm the trial court's grant of summary judgment in favor of Goshen.

¶18. **THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**